Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com;
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, PETER KREDENSER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KREDENSER,<br><br>              Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Delaware Corporation; IMDB.COM, INC., a Delaware Corporation; AND DOES 1-20<br><br>              Defendants. | Case No.: 2:17-cv-690<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, PETER KREDENSER, by and through his attorneys of record, files this Complaint against Defendants Amazon.com, Inc. ("Amazon"); IMDB.com, Inc. ("IMDB") and DOES 1-20 (collectively, "Defendants") as follows:

# I.    THE PARTIES

1.  Plaintiff is a world-acclaimed and sought-after editorial/advertising professional photographer who is well known in the entertainment industry. Many of Plaintiff's images, including those at issue in this action, are of iconic actors, television shows or movies. Plaintiff routinely, and for decades, has licensed his images for use in magazines, and other media outlets. His work has appeared in many well-respected U.S. publications, including Time, People, Esquire, Vogue, Elle, In Style, Entertainment Weekly, Architectural Digest and TV Guide. His work has also appeared in major Europeans publications, including Paris Match, London Sunday Times, Hello & Hola!, Bravo, and Italian Panorama. Numerous advertising and publicity campaigns have also featured Plaintiff's work, including for hit television  shows (CBS's Dr. Quinn, Medicine Woman and ABC Television's Moonlighting), motion picture marketing campaigns (such as the Clint Eastwood movie Unforgiven), international advertising campaigns (Pepsi, Mitsubishi, Suntory Whiskey, Rodeo Drive, International Fashion Brand Esprit and Ralph Lauren).

2.  Plaintiff's work is not only commercial in nature. His fashion photographs have been featured at exhibitions at international museums including Los Angeles Museum of Fine Art (LACMA), the Oakland Museum of California and at the Whitney Museum of American Art in New York.

3.  Plaintiff's photographs are copyrighted images to which he owns all rights and title.  Plaintiff has at all relevant times resided within the County of Los Angeles.

4.  Defendant Amazon.com, Inc. ("Amazon"), is a Delaware corporation and a publicly traded company (AMZN) that is headquartered in Seattle, Washington. It is the largest internet-based retailer in the world. Plaintiff is informed and believes that among Amazon's numerous holdings, products, and services, is its flagship

COMPLAINT FOR COPYRIGHT INFRINGEMENT

enterprise, an e-commerce "marketplace" website, amazon.com. In conjunction with this marketplace, and other services, Amazon operates associated image servers as well as the Amazon Prime movie service through which it offers internet based streaming of movies on a pay per view and/or subscription basis.

5.  Plaintiff is informed and believes that Defendant IMDB, Inc. ("IMDB"), a Delaware corporation, at all relevant times, was and is a wholly owned subsidiary of Amazon.

6.  Plaintiff is informed and believes that Amazon personnel, jointly with IMDB personnel oversee, operate, manage, curate and edit the website www.imdb.com, an entertainment website that attracts millions of visitors per year and offers, inter alia, premium subscription services as well as generates revenue from the images and entertainment industry data contained on the site.

7.  Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 20 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as direct infringers, secondary infringers, independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known identified Defendants are referred to hereinafter collectively as "Defendants."

8.  Plaintiff is informed that the Doe Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incited liability therefore. At

COMPLAINT FOR COPYRIGHT INFRINGEMENT

some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in furtherance of such conspiracy. Plaintiff is informed and believes that the Defendants aided and abetted each other in the wrongful acts alleged herein and that each of the Defendants acted for personal gain or in their own financial benefit of their own financial advantage in doing the acts alleged below.

## II. <u>JURISDICTION AND VENUE</u>

9.  This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States Copyright Act of 1976, 17 U.S.C § 101 et. seq. (the "Copyright Act"). This action arises under the provision of the Copyright Act of the United States, as amended, 17 U.S.C §§ 106 & 501 and is for infringement of copyrights registered with the Copyright Office of the United States.

10. ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101, et seq. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and§ 1338(a).

11. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a).

12. ***Personal Jurisdiction.*** Plaintiff is informed and believes that personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants regularly and systematically, knowingly solicit, transact business and enter into contracts with individuals in California, including within the County of Los Angeles. Plaintiff is further informed and believes that the Defendants after obtaining actual or constructive knowledge that their activities would cause harm to Plaintiff in California continued in their

4
COMPLAINT FOR COPYRIGHT INFRINGEMENT

activities and knowingly caused harm to Plaintiff in California, including but not limited to causing the infringements to occur and be distributed to persons in California and the County of Los Angeles.

### III.   FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

14. Plaintiff created the two (2) photographs at issue in this case and registered them with the United States Copyright Office with the following registrations:

| Title of Work (Description) | Registration No. | Date of Registration |
|---|---|---|
| 1. Jane Seymour-Max Factor ("Jane Seymour Photograph") | VA 916-350 | April 28, 1998 |
| 2. Bruce Willis & Cybil Shepherd in Moonlighting ("Moonlighting Photograph") | VA 1-311-756 | October 4, 1995 |

(collectively, the "Photographs"). Plaintiff was issued Certificates of Registration for the registered Photographs. The Photographs consist of material original to Plaintiff and each is copyrightable subject matter entitled to copyright protection. Plaintiff is the owner of all right, title, and interest in and to the Photographs. The Photographs were not works for hire.

15. Under the Copyright Act, 17 U.S.C. §101, et seq., Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. §§ 106(1), (3), (5) and 501.)

16. Within the last three years, Plaintiff (through his representative) discovered that the Photographs had been unlawfully and without permission been copied, uploaded, publicly displayed, offered for distribution, and distributed by

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Defendants, inter alia, to and through the websites amazon.com and imdb.com, controlled and operated by Amazon and IMDB, respectively.

17. Upon discovery and thereafter, Plaintiff (through his authorized representative) provided actual notice to Amazon and IMDB to their agent designated through the U.S. Copyright Office to receive notices that complied with the Digital Millennium Copyright Act ("DMCA"), including providing the information that Plaintiff was the copyright owner of the Photographs, Plaintiff's residence was within Los Angeles, and the URLs where the Photographs were being infringed ("DMCA Notifications").

18. Plaintiff, through his authorized representative, sent a compliant DMCA Notification to Amazon on January 29, 2014, for the Jane Seymour Photograph, listed as "Photo of Jane Seymour," at the following location: http://www.amazon.com/Keys-Freedom-Jane-Seymour/dp/B009OULFHY/ref=sr_1_63?ie=UTF8&qid=1391067523&sr=8-63&keywords=Jane+Seymour

This Jane Seymour Photograph was clearly displayed at this URL as the advertised image for the Amazon Prime streaming page of the Keys to Freedom movie from at least February 20, 2014, to January 6, 2016.

///

///

///

///

6

COMPLAINT FOR COPYRIGHT INFRINGEMENT

19. A example showing how the image appeared / was used on the identified URL as of 1/29/2014 in connection with the movie Keys to Freedom is:



20. On January 30, 2014, Amazon's copyright agent responded to Plaintiff's representative indicating receipt and acknowledgement of the DMCA Notice and that Amazon was in the process of removing the items. The Photograph, however, was not removed and continued to be displayed for approximately two (2) years. It continues to be displayed on multiple other URLs (identified below) to this day.

21. On March 20, 2014, Plaintiff sent a *second* DMCA Notification identifying the Photograph of Jane Seymour and URLs on which it was being displayed:

```
4) Item/Material identification: Photo of Jane Seymour
URL/Link(s):
http://www.amazon.com/Keys-Freedom-Jane-
Seymour/dp/B009OULFHY/ref=sr_1_291?ie=UTF8&qid=1395345200&sr=8-
291&keywords=Jane+Seymour

http://ecx.images-amazon.com/images/I/51lzJcVE9EL._AA160_.jpg
```

COMPLAINT FOR COPYRIGHT INFRINGEMENT

22. Despite Amazon having actual notice at least through the two prior DMCA Notifications, as of December 2, 2015, Defendants had failed to remove or disable access to the infringing images through simple means available to them.

23. Plaintiff, through his authorized representative, sent a third compliant DMCA Notification to Defendants on December 2, 2015, that listed the following URLs for the Jane Seymour Photograph, which were all still active at the time of the DMCA Notification and included proper notice of infringement and identified the infringing URLs that were displaying the Jane Seymour Photograph:

- http://www.amazon.com/s/ref=sr_il_ti_instant-video?rh=n%3A2858778011%2Ck%3Ajane+seymour&keywords=jane+seymour&ie=UTF8&qid=1449027864&lo=instant-video

- http://ecx.images-amazon.com/images/I/51lzJcVE9EL._PI_PJStripe-Prime-Only-500px,TopLeft,0,0_AA200_.jpg (still active as of this Complaint)

- http://www.amazon.com/s/ref=nb_sb_noss_2?url=search-alias%3Daps&field-keywords=Keys+to+Freedom

- https://images-na.ssl-images-amazon.com/images/I/51lzJcVE9EL._PI_PJStripe-Prime-Only-500px,TopLeft,0,0_AA160_.jpg (still active as of this Complaint)

- https://www.amazon.com/s/ref=nb_sb_ss_c_0_15?url=search-alias%3Daps&field-keywords=keys+to+freedom&sprefix=Keys+to+Freedom%2Cinstant-video%2C219

- http://ecx.images-amazon.com/images/I/51lzJcVE9EL._PI_PJStripe-Prime-Only-500px,TopLeft,0,0_AA160_.jpg (still active as of this Complaint)

- http://www.amazon.com/Keys-Freedom-Jane-Seymour/dp/B009OUK74G/ref=sr_1_1/ref=sr_1_1/ref=sr_1_1?_encoding=UTF8&keywords=keys%20to%20freedom&qid=1447199013&sr=8-1

COMPLAINT FOR COPYRIGHT INFRINGEMENT

- http://www.amazon.com/Keys-Freedom-Jane-Seymour/dp/B009OULFHY/ref=sr_1_63?ie=UTF8&qid=1391067523&sr=8-63&keywords=Jane+Seymour

24. On December 30, 2015, and again on January 15, 2016, Plaintiff, through his authorized representative, sent a compliant DMCA Notification to IMDB's registered copyright agent for receipt of DMCA notifications (who is the same agent as for Amazon) for the Jane Seymour Photograph being used in connection with the Keys to Freedom webpages on imdb.com and identifying the photograph as an "Image of Jane Seymour – on IMDB" providing a thumbnail of the infringing work as used and identifying the unauthorized use on specific URLs:

- http://www.imdb.com/find?ref_=nv_sr_fn&q=Keys+to+Freedom&s=all
- http://ia.media-imdb.com/images/M/MV5BMTYxNzY0NjA5Nl5BMl5BanBnXkFtZTgwMTk1ODk1MDE@._V1_UX32_CR0,0,32,44_AL_.jpg
- http://www.imdb.com/title/tt0095438/?ref_=fn_al_tt_1
- http://ia.media-imdb.com/images/M/MV5BMTYxNzY0NjA5Nl5BMl5BanBnXkFtZTgwMTk1ODk1MDE@._V1_SX214_AL_.jpg
- http://ia.media-imdb.com/images/M/MV5BMTk0MTYzNzYxNF5BMl5BanBnXkFtZTgwMDM1MzUzMzE@._V1_UX105_CR0,0,105,105_AL_.jpg
- http://www.imdb.com/media/rm125555200/tt0095438?ref_=ttmi_mi_all_prd_2
- http://www.imdb.com/title/tt0095438/mediaindex?ref_=tt_pv_mi_sm
- http://ia.media-imdb.com/images/M/MV5BMTYxNzY0NjA5Nl5BMl5BanBnXkFtZTgwMTk1ODk1MDE@._V1_UX100_CR0,0,100,100_AL_.jpg

9

COMPLAINT FOR COPYRIGHT INFRINGEMENT

- http://ia.media-imdb.com/images/M/MV5BMTk0MTYzNzYxNF5BMl5BanBnXkFtZTgwMDM1MzUzMzE@._V1_UX105_CR0,0,105,105_AL_.jpg

None of these links or access to infringing images were *ever* removed or disabled.

25.  For the infringements identified by Plaintiff to IMDB on December 30, 2015, and January 15, 2016, none of the infringing images identified on the links above were removed nor were the links themselves disabled at the time of filing this Complaint. They continue to remain active, displaying and distributing the infringing work to all those that visit the site and have done so since.

26. Despite Amazon and IMDB receiving the DMCA Notifications, and having simple and effective means of stopping the infringing activity (i.e., removing or disabling access to the images), Amazon and IMDB continued to copy, publicly display, offer for distribution, and distribute the Photographs, including through their servers across the internet to at least users of their respective services and those people or entities who visited or crawled the web pages as well as all others to whom the Photographs were potentially distributed.

27. Amazon and IMDB's actions resulted in continued direct copyright infringement by those that uploaded the Photographs to Amazon and IMDB originally, and continued direct infringements by Defendants (Amazon and IMDB) involved in volitional acts of selecting those works to be the title images for Keys to Freedom on Amazon Prime or on IMDB and approving and causing such to be published online resulting in unauthorized distribution, public display and reproduction to the world and by those that viewed or visited the pages upon which the Photographs were still available.

28. The Jane Seymour Photograph was not taken down from the "front-end" or order screen of Amazon Prime until approximately January 6, 2016. The image

remains to this day on numerous locations which have been previously identified to Amazon and have been publically displayed and distributed and copied from such URLs. The imdb.com Jane Seymour infringements have never been removed or disabled and continue to be displayed and distributed and copied from from the imdb.com sites.

29. On December 30, 2015, and then on January 16, 2016, Plaintiff, through his representative, sent a fully compliant DMCA Notice to IMDB's agent designated with the Copyright Office to receive notices identifying infringing URLs and links to the Moonlighting Photograph and providing a screenshot of the infringement for identification purposes on at least the following URLs/links:

- http://www.imdb.com/name/nm0000246/mediaindex?page=4&ref_=nmmi_mi_sm

- http://ia.media-imdb.com/images/M/MV5BMTcxMjc3Njk3Nl5BMl5BanBnXkFtZTcwMDI5NzkwNQ@@._V1_UX100_CR0,0,100,100_AL_.jpg

- http://www.imdb.com/media/rm1830008832/nm0000246?ref_=nmmi_mi_all_sf_187

30. Examples showing the unauthorized use of the Photograph on imdb.com are shown below:



11

COMPLAINT FOR COPYRIGHT INFRINGEMENT

31. Despite actual knowledge of the infringements and the ability to take simple measures to prevent continued infringements, IMDB failed to remove or disable access to *any* of the infringing Moonlighting Photograph locations or links identified above. As of the filing of this Complaint, the infringing images are still publicly displayed, distributed, and reproduced on and the website imdb.com at, at least, the above-referenced links to those that visit the site and/or by IMDB through other means.

32. Plaintiff is informed and believes that Defendants infringements commenced and/or occurred after registration of the Photographs.

## IV.   FIRST CLAIM FOR RELIEF FOR DIRECT COPYRIGHT INFRINGEMENT OF THE JANE SEYMOUR PHOTOGRAPH
### (Against All Defendants)

33. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

34. Plaintiff owns all rights, titles, and interest in and to the copyright for the Jane Seymour Photograph, the use of which has never been licensed to Defendants.

35. Under Section 106 of the Copyright Act, as amended, 17 U.S.C. §§ 106 and 501 *et. seq.*, Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Jane Seymour Photograph.

36. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Jane Seymour Photograph, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Jane Seymour Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Jane Seymour Photograph, on the amazon.com website (and related image URLs) as well as through the imdb.com website and related image URLs, in the manner described above. The aforementioned URLs include all mobile or equivalent/alternative means of internet electronic display/distribution.

37. Plaintiff is informed and believes that the Jane Seymour Photograph was uploaded by Does 1-20 and thereafter Amazon and IMDB personnel approved and through volitional conduct published such on the amazon.com and imdb.com websites, respectively. Thereafter, and continuing to this day, Amazon and IMDB have continued to distribute, publically display, to their users among others.

38. Defendants have misappropriated Plaintiff's copyrights in the Jane Seymour Photograph through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the images on their websites.

39. Defendants misappropriated Plaintiff's copyright in the Jane Seymour Photograph with actual and/or constructive knowledge that the Jane Seymour Photograph at issue did not belong to Defendants; Defendants thereby willfully

engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photograph.

40. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because Defendants knew or recklessly failed to know that they did not have the right to use the Jane Seymour Photograph in the manner in which they used it.

41. Defendants' acts constitute willful direct copyright infringement in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et. seq. and 501 et. seq.)

42. Defendants' willful infringements have caused irreparable damage to Plaintiff for which he has no adequate remedy of law.

43. Defendants' unlawful use of copies of Plaintiff's original Photograph has diminished the value of the original Photograph by distributing and encouraging redistribution of the Jane Seymour Photograph without identify it as being the exclusive property of Plaintiff.

44. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

45. As a direct and proximate result of Defendants' infringement, Plaintiff was damaged and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b). Alternatively, at Plaintiffs election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) with respect to each work infringed or such other amounts as maybe proper under 17 U.S.C. §504(c). Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

46. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff, for which he has no adequate remedy of law.

## V.    SECOND CLAIM FOR RELIEF FOR SECONDARY COPYRIGHT INFRINGEMENT OF THE JANE SEYMOUR PHOTOGRAPH

### (Against Amazon and Does 1-20 for Contributory and Vicarious Infringement and Against IMDB for Contributory Infringement)

47. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

48. The Amazon infringements of the Jane Seymour Photograph relate to Defendants' marketing, advertising, and distribution of the motion picture "Keys to Freedom."  Plaintiff is informed and believes that the Jane Seymour Photograph was copied, uploaded, displayed, distributed and/or used by Amazon and Doe Defendants to market, advertise, or promote, the motion picture Keys to Freedom, including through the Amazon Prime entertainment services.

49. Plaintiff is informed and believes that Defendant Amazon has and has had the right and ability to control the infringing conduct and had reasonable and simple effective means of removing or disabling access to the image because, inter alia, the image was posted on and distributed through its own Amazon Prime service and the infringing image resided and resides on Amazon's servers from which it was delivered to others the course of further infringement.

50. Plaintiff is informed and believes that Defendant Amazon has derived, or have continuously attempted or intended to derive, a direct financial benefit from the infringing use of the Jane Seymour Photograph.

51. As a direct and proximate result of Defendants' failure and refusal to control and prevent the infringing activity, Defendants have infringed Plaintiffs' copyrights in the Jane Seymour Photograph as set forth above. Defendants'

conduct constitutes vicarious infringement of Plaintiffs copyrights and exclusive rights under copyright in the Jane Seymour Photograph in violation of the Copyright Act, 17 U.S.C. §106 and §501.

52. Plaintiff is informed and believes that, inter alia, as a result of multiple lawsuits having been filed against Amazon in the past, as well as having received multiple DMCA Notices for the subject works, Amazon is well aware of its continuing failures to act with respect to DMCA notifications, Amazon knew or should have known that it had not properly adopted policies or otherwise acted on such policies to deal with removal of infringing activities, and has acted recklessly and/or intentionally in failing change or otherwise fix those policies.

53. Plaintiff is informed and believes Amazon has failed to adopt or reasonably implement a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat copyright infringers and is barred from any DMCA safe harbor as defined in Section 512(i) of the Copyright Act.

54. Plaintiff is informed and believes that Amazon fails to inform subscribers and account holders of the service provider's repeat infringer policy and is barred from any DMCA safe harbor as defined in Section 512(i) of the Copyright Act.

55. Plaintiff is informed and believes that Defendants took affirmative steps which enabled, facilitated and caused the infringing activity to continue such as the maintenance and renewal of services connected to the infringing links (such as image hosting services).

56. Plaintiff is informed and believes that, by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement, including but not limited to those downstream users that viewed and/or downloaded the images online.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

57. Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiffs' exclusive rights in the Jane Seymour Photograph, in violation of 17 U.S.C. §§ 106 and 501.

58. As a direct and proximate result of Defendants' infringement, Plaintiff was damaged and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b). Alternatively, at Plaintiffs election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) with respect to each work infringed or such other amounts as maybe proper under 17 U.S.C. §504(c). Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

59. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff, for which he has no adequate remedy of law.

## VI.   THIRD CLAIM FOR RELIEF FOR DIRECT COPYRIGHT INFRINGEMENT OF THE MOONLIGHTING PHOTOGRAPH
### (Against IMDB and Does 1-20)

60. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

61. Plaintiff owns all rights, titles, and interest in and to the copyright for the Moonlighting Photograph, the use of which has never been licensed to Defendants.

62. Under Section 106 of the Copyright Act, as amended, 17 U.S.C. §§ 106 and 501 *et. seq.*, Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute, and publicly display the Moonlighting Photograph.

63. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Moonlighting Photograph, (2) distributed, made

available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Moonlighting Photograph, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Moonlighting Photograph on the imdb.com website and related image URLs, in the manner described above. The aforementioned URLs include all mobile or equivalent/alternative means of internet electronic display/distribution.

64. Plaintiff is informed and believes that the Moonlighting Photograph was uploaded by Does 1-20 and thereafter IMDB personnel approved and through volitional conduct published such on the imdb.com website. Thereafter, and continuing to this day, IMDB has continued to distribute, publically display, to imdb.com users among others.

65. Plaintiff is informed and believes that after IMDB received actual and/or constructive notice from at least December 2015, if not earlier, that the works were infringing, IMDB continued to display, distribute, and reproduce the works on its website and potentially other websites to customers and users who visited the infringing URLs, thereby materially contributing to their infringement and the infringement of those that uploaded the infringing work originally.

66. As exemplars of the infringing work and how it appeared (and appears) on IMDB (which notably includes false copyright information as distributed by IMDB through its website attributing copyright ownership in the Moonlighting Photograph to Lionsgate).

67. Defendants have misappropriated Plaintiff's copyrights in the Moonlighting Photograph through the copying/reproducing, uploading/downloading or causing to be uploaded/downloaded, display, publication, and/or distribution of the images on their websites.

68. Defendants misappropriated Plaintiff's copyright in the Moonlighting Photograph with actual and/or constructive knowledge that the Moonlighting

Photograph at issue did not belong to Defendants; Defendants thereby willfully engaged in unauthorized use, copying, distribution, and/or display of Plaintiff's copyrighted Photograph.

69. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or with reckless disregard of and with indifference to Plaintiff's rights because Defendants knew or recklessly failed to know that they did not have the right to use the Moonlighting Photograph in the manner in which they used it.

70. Defendants' acts constitute willful direct copyright infringement in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. sections 106 et. seq. and 501 et. seq.)

71. Defendants' willful infringements have caused irreparable damage to Plaintiff for which he has no adequate remedy of law.

72. Defendants' unlawful use of copies of Plaintiff's original Photograph has diminished the value of the original Photograph by distributing and encouraging redistribution of the Moonlighting Photograph without identify it as being the exclusive property of Plaintiff.

73. Defendants' unlawful acts have interfered with and undermined Plaintiff's ability to market Plaintiff's own original Photographs, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic work.

74.As a direct and proximate result of Defendants' infringement, Plaintiff was damaged and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b). Alternatively, at Plaintiffs election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) with respect to each work infringed or such other amounts as maybe proper under 17 U.S.C. §504(c). Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

75. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff, for which he has no adequate remedy of law.

## VII.   FOURTH CLAIM FOR RELIEF FOR SECONDARY COPYRIGHT INFRINGEMENT OF THE MOONLIGHTING PHOTOGRAPH
### (Against IMDB and Does 1-20 for Contributory Infringement)

76. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

77. Plaintiff is informed and believes that Defendant IMDB took affirmative steps which enabled, facilitated and caused the infringing activity to continue such as the maintenance and renewal of services connected to the infringing links (such as image hosting services).

78. Plaintiff is informed and believes that, by the actions alleged above, IMDB knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement, including but not limited to those downstream users that viewed and/or downloaded the images online.

79. IMDB's conduct constitutes contributory (and inducement) copyright infringement of Plaintiffs' exclusive rights in the Moonlighting Photograph, in violation of 17 U.S.C. §§ 106 and 501.

80. As a direct and proximate result of Defendant IMDB's infringement, Plaintiff was damaged and Plaintiff is entitled to his actual damages and Defendant's profits pursuant to 17 U.S.C. §504(b). Alternatively, at Plaintiffs election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) with respect to each work infringed or such other amounts as maybe proper under 17 U.S.C. §504(c). Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

81. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff, for which he has no adequate remedy of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Count of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.
3. For statutory damages under the Copyright Act.
4. For prejudgment interest.
5. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:
   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiffs copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and
   b. the seizure of all property made in, or used to assist in the, violation of Plaintiffs exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photographs.
6. For attorneys' fees and costs; and

COMPLAINT FOR COPYRIGHT INFRINGEMENT

7.  For such other and further relief as this Court deems just and appropriate.

Dated: January 27, 2017                         LAW OFFICES OF ADAM I. GAFNI


                                                By: /s/ Adam I. Gafni
                                                Adam I. Gafni
                                                Attorneys for Plaintiff
                                                Peter Kredenser

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: January 27, 2017                         LAW OFFICES OF ADAM I. GAFNI


                                                By:  /s/ Adam I. Gafni
                                                Adam I. Gafni
                                                Attorneys for Plaintiff
                                                Peter Kredenser

COMPLAINT FOR COPYRIGHT INFRINGEMENT